# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10546
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 23, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Isabel Mora-Rodriguez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-339-1

_____

Before Stewart, Dennis, and Willett, *Circuit Judges.*

Per Curiam:[*]

Jose Isabel Mora-Rodriguez appeals his conviction and sentence for illegal reentry after removal from the United States under 8 U.S.C. § 1326(a) & (b)(1). Mora-Rodriguez challenges the application of § 1326(b)'s enhanced penalty provision as unconstitutional because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

found by a jury beyond a reasonable doubt.  As he concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  He nevertheless raises the issue to preserve it for Supreme Court review.  The Government agrees that the issue is foreclosed and moves, unopposed, for summary affirmance on that basis or, alternatively, for an extension of time to file a brief.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion is GRANTED, and the district court's judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.